**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3789

_____

UNITED STATES OF AMERICA

v.

LASEAN GARDENHIRE,
Appellant
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-15-cr-00087-039)
District Judge: Honorable Nora B. Fischer
_____

Submitted under Third Circuit L.A.R. 34.1(a)
April 30, 2019
_____

Before: RESTREPO, ROTH, and FISHER, *Circuit Judges*.

(Filed: November 19 2019)

_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Lasean Gardenhire conspired with her husband Lance to launder profits from selling heroin by purchasing and renovating their home. Gardenhire pled guilty to conspiring to launder money. After accepting her plea, the District Court held an evidentiary hearing and determined that their home was subject to forfeiture. She now appeals the forfeiture, claiming there was insufficient evidence to sustain her money laundering conviction. We will affirm the District Court's ruling to forfeit the property.

I.

In July 2012, Lance Gardenhire and a friend began purchasing heroin from a source in New Jersey and selling it in Western Pennsylvania. By the time the conspiracy ended in May 2015, Lance's trafficking organization was responsible for the distribution and sale of thousands of bricks of heroin.

In the fall of 2012, Lance and Lasean Gardenhire purchased a house at 405 Zara Street in Pittsburgh for $21,900. On the day Lasean executed the sales agreement, she deposited a total of $20,000 into four separate accounts at two different banks. On the day of the closing, she deposited another $11,000 in cash into three separate accounts. Lasean structured the deposits to remain under $10,000 to avoid triggering the banks' requirement to file transaction reports with federal authorities. From 2012 through 2014, Lance and Lasean made cash purchases of $64,000 to renovate their home.

During that period, Lasean worked as a customer service representative, earning $23,323 the year the house was bought. Lance claimed he earned legitimate income as a barber and event promoter, but provided no credible evidence to support this assertion.

2

During the course of the drug conspiracy, Lance's co-conspirator would retrieve heroin from 405 Zara Street and deliver the profits of the sales to Lasean, who would walk into the house with thousands of dollars in cash. Lance and Lasean would deposit the cash into her numerous bank accounts; her cash deposits totaled over $119,000 in 2013.

Lasean pled guilty to conspiracy to launder money in violation of 18 U.S.C. § 1956(h), which carries a maximum sentence of twenty years' incarceration. 18 U.S.C. § 1956(a)(1). She was sentenced to eight months' incarceration followed by three years of supervised release. In her plea agreement, Lasean waived her right to take a direct appeal from her conviction or sentence. She did not file a direct appeal to raise claims not precluded by the appellate waiver.

After Lasean's plea but prior to her sentencing, the District Court held an evidentiary hearing and determined the Government established grounds for forfeiting the Gardenhires' house. In response to Lasean's current appeal of that decision, we will affirm the District Court's forfeiture order.

## II.

Before the District Court, the Government was required to prove its forfeiture allegations by a preponderance of the evidence. *United States v. Voigt*, 89 F.3d 1050, 1082 (3d Cir. 1996). We review the District Court's findings of fact supporting the forfeiture for clear error, *United States v. Cheeseman*, 600 F.3d 270, 275 n.4 (3d Cir. 2010), and review de novo its application of the money laundering forfeiture provision, 18 U.S.C. § 982(a), *United States v. Stewart*, 185 F.3d 112, 128 n.7 (3d Cir. 1999).

3

III.

Lasean Gardenhire recognizes that her forfeiture order, and not her money laundering conviction, is before this Court on appeal. Her argument, however, is that the evidence underlying her conviction was insufficient, rendering the forfeiture unjustified. Gardenhire voluntarily waived her right to contest her conviction in her plea agreement and makes no claim that she did so unknowingly or under duress. She did not appeal her judgment or sentence, and therefore did not challenge the District Court's finding of an adequate factual basis for her plea pursuant to Federal Rule of Criminal Procedure 11(b)(3). Given that her money laundering conviction is final, she is foreclosed from challenging the District Court's findings now.

On appeal, Lasean's attempts to circumvent this foreclosure by challenging the factual basis of her plea under the guise of appealing the forfeiture order. We will not address the propriety of her conviction because that issue is not before this Court. Regarding the issue at hand, the forfeiture order, we conclude that the forfeiture of 405 Zara Street was proper. A forfeiture order is appropriate if the property was "involved in" or "traceable to" the defendant's illegal activity, pursuant to 18 U.S.C. § 982(a)(1). We review the District Court's factual findings and credibility determinations for clear error, and its conclusion that forfeiture was appropriate de novo. *Cheeseman*, 600 F.3d at 275 n.4. The District Court correctly determined that the Government met its burden of establishing a nexus between the house at 405 Zara Street and Lasean's money

4

laundering conviction. Fed. R. Crim. P. 32.2 (b)(1)(A); *United States v. Voigt*, 89 F.3d at 1082-84.

The District Court found that the Gardenhires' purchased 405 Zara Street with cash from heroin trafficking, laundered by Lasean through her bank accounts. It noted that Lasean's income, which it found to be the Gardenhires' only legitimate source of funding, did not provide sufficient capital to purchase the house. Trafficking profits totaling $31,000 deposited into numerous accounts the day before the execution of the sales agreement and closing rendered the house "traceable to" the laundering offense. 18 U.S.C. § 982(a)(1). Moreover, the District Court credited the testimony of her husband's co-conspirator that the Gardenhires used the house for drug trafficking activities and to store the heroin proceeds, which were then laundered through Lasean's accounts to buy materials for the house. The property was therefore "involved in" the laundering offense and subject to forfeiture on that basis as well. 18 U.S.C. § 982(a)(1). Because the record adequately supports the District Court's findings, we conclude that forfeiture of the Gardenhires' property was proper.

IV.

Accordingly, for the reasons stated above, we affirm the forfeiture order imposed by the District Court.